# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN D. CUMMINGS, | ) |
| Plaintiff, | ) |
| v. | ) 1:21cv716 |
| C.M. MORTON, et. al., | ) |
| Defendants. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). (Docket Entries 1-2.)[1] Plaintiff names a North Carolina Small Claims Magistrate Judge, the Clerk of the Superior Court of Guilford County, several attorneys and law firms, and a real estate partnership as Defendants in the case and seeks damages based on alleged civil rights violations and state law tort claims. (See Docket Entries 2, 6.) Because Plaintiff seeks to proceed in forma pauperis, the Court must review his pleadings, and "shall

---

[1] Plaintiff subsequently filed a Motion for Temporary Restraining Order and Supporting Brief, (Docket Entries 4, 5), as well as an Amended Complaint (Docket Entry 6). Those filings principally address Plaintiff's eviction from his former residence, which appears to have taken place sometime between the filing of Plaintiff's original Complaint on September 15, 2021, and the filing of his Amended Complaint on September 22, 2021. Because Plaintiff's Amended Complaint appears to contain allegations Plaintiff wishes to add to his original Complaint, rather than to replace his Complaint entirely, the Court will "liberally construe[]," Erickson v. Pardus, 551 U.S. 89, 94 (2007), Plaintiff's filings and consider all the allegations for purposes of its review. See 28 U.S.C. § 1915(e).

dismiss the case . . . if the court determines that . . . the action . . . [1] fails to state a claim on which relief may be granted; or [2] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii). For the reasons that follow, the Court will grant Plaintiff's Application to proceed in forma pauperis for the limited purpose of recommending dismissal of this action.

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal citations omitted).[2] "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line

---

2  Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

2

between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557) (internal citations omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Another ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy"). For the reasons that follow, the Court should dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which

3

relief may be granted and because it seeks monetary damages from defendants with immunity from such relief.

## BACKGROUND

The Complaint's allegations focus on ejectment proceedings Defendants commenced during the fall of 2020, which they carried out through fraud, exposing Plaintiff, a "DISABLED HANDICAPPED 74 YEAR OLD ADULT . . . TO THE DEADLY COVID-19 VIRUS." (Docket Entry 2 at 3.) In that regard, the Complaint makes a series of specific allegations, including that the state judge made "[p]rocedural errors" which delayed the proceedings (id. at 4), certain Defendants used a forged document in the ejectment proceedings (id. at 5), the Defendants filed a "false" complaint against Plaintiff (id. at 6), Defendants "[r]efus[ed]" to provide notice of the proceedings to Plaintiff (id.),[3] and Defendants conspired to deprive Plaintiff of due process during the ejectment proceedings through a variety of procedural machinations (id. at 6-9). The Amended Complaint goes on to assert that certain Defendants evicted Plaintiff subsequent to the ejectment proceedings (and the filing of the original Complaint), and that the eviction perpetuated Plaintiff's previously-asserted civil rights violations. (See Docket Entry 6 at 3-9.)

---

3    The Complaint inconsistently alleges that Plaintiff never received notice of the ejectment proceedings, but also that he sent Defendants a cease-and-desist letter regarding the ejectment proceedings one week after those proceedings commenced. (Docket Entry 2 at 2-3.)

4

**DISCUSSION**

**I. PLAINTIFF'S CLAIMS AGAINST C.M. MORTON AND LISA JOHNSON-TONKINS**

Plaintiff has asserted a variety of constitutional and tort claims against C.M. Morton, a state court judge, and Lisa Johnson-Tonkins, the Clerk of the Superior Court of Guilford County. (See Docket Entry 2.) Both state and federal judges, including magistrates, enjoy judicial immunity, i.e., "an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526(1985)); see also King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges."). Judicial immunity protects judges from suit, even for actions based on allegations of bad faith or malice. See id. A plaintiff can only overcome judicial immunity when the allegations concern acts of a nonjudicial nature, or if the judge acted "in the complete absence of all jurisdiction." Darling v. Falls, 236 F. Supp. 3d 914, 927 (M.D.N.C. 2017) (citing Mireles, 502 U.S. at 11); see also Stump v. Sparkman, 435 U.S. 349, 359-62 (1978) (holding that judicial immunity applies even when judge's "exercise of authority [was] flawed by the commission of grave procedural errors" and that judicial act encompasses any "function normally performed by a judge"). Clerks of a court, who assist in carrying out judicial functions, enjoy derivative absolute judicial immunity. See

5

Hamilton v. Murray, 648 F. App'x 344, 345 (4th Cir. 2016); Jackson v. Houck, 181 F. App'x 372, 373 (4th Cir. 2006).

The Complaint describes Morton as a "small Claims Magistrate Judge" and Johnson-Tonkins as "the Clerk of Superior Court of Guilford County." (Docket Entry 2 at 2.) As a result, absolute judicial immunity defeats any claim against them unless either engaged in some non-judicial action or acted without any jurisdiction. See Mireles, 502 U.S. at 11. But nowhere does Plaintiff state that either Morton or Johnson-Tonkins took any nonjudicial actions; on the contrary, Plaintiff's allegations against Morton and Johnson-Tonkins focus on actions they took during Plaintiff's ejectment proceedings, such as that Morton regularly "ordered [Plaintiff] to appear before the court," including shortly after a surgery (Docket Entry 2 at 4), and that Johnson-Tonkins failed to timely send an "appeal to a District court judge" (id. at 6). Plaintiff further complains of alleged "[p]rocedural errors" on the part of Morton. (Id. at 4.) But scheduling hearings and processing appeals represent exactly the sort of "function normally performed by a judge" or clerk of court, and even "grave procedural errors" cannot overcome judicial immunity. Stump, 435 U.S. at 359-62. Similarly, Plaintiff fails to allege that either Morton or Johnson-Tonkins took some act in "the complete absence of jurisdiction." Darling, 236 F. Supp. 3d at 927. Because magistrate judges and clerks of court enjoy

6

judicial immunity, and because Plaintiff has not alleged any non- or extrajudicial action, the Court should dismiss Plaintiff's claims against C.M. Morton and Lisa Johnson-Tonkins. See 28 U.S.C. § 1915(e)(2)(B)(iii).

## II. PLAINTIFF'S CIVIL RIGHTS CLAIMS AGAINST NON-STATE ACTORS

Plaintiff alleges a violation of his Fifth and Fourteenth Amendment rights, and as a result brings a "cause of action . . . pursuant to 42. U.S.C. [§] 1983." (Docket Entry 2 at 5.) Courts must ensure that, when a plaintiff invokes a constitutional standard, "the *State* is responsible for the specific conduct of which the plaintiff complains." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (emphasis added). "Alongside the constitutional state-action limitation, § 1983 contains a distinct color-of-law requirement." White Coat Waste Project v. Greater Richmond Transit Co., 35 F.4th 179, 189 (4th Cir. 2022). Notwithstanding this distinction, the "ultimate issue . . . is the same . . . : is the alleged infringement of federal rights fairly attributable to the State?" Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (internal quotations omitted). Purely private activity, "no matter how discriminatory or wrongful," does not qualify as state action. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Put another way, a person only acts under color of law if the allegations show "outward indicia suggestive of state authority."

7

Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

The Complaint alleges generally that, by instituting ejectment proceedings against Plaintiff, Defendants "FS Madison LLC d/b/a 'madison woods'/Agent, Hawthorne Residential Partners, Crystal M. Richardson, Christopher Scott Loebsack and Brownlee PLLC" deprived him of his "rights, privileges and/or immunities." (Docket Entry 2 at 4-5.)[4] The Complaint (and Amended Complaint), however, lack any suggestion that the conduct of these Defendants constitutes state action. Plaintiff's bare assertion that these Defendants acted "[u]nder the Color of North Carolina law" (id. at 5) does not suffice, see Iqbal, 556 U.S. at 678. Where, as here, the allegations contain no "outward indicia suggestive of state authority," Revene, 882 F.2d at 872, but instead target purely private conduct, the Section 1983 claim fails as a matter of law, see Philips, 572 F.3d at 181. As a result, the Court should dismiss Plaintiff's civil rights causes of action. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. PLAINTIFF'S ALLEGATIONS RELATED TO 42 U.S.C. § 264

The Complaint also states that, by instituting ejectment proceedings and thereby "COMMANDING" Plaintiff "BY COMPULSION TO APPEAR IN PERSON" (Docket Entry 2 at 2-3), Defendants violated 42 U.S.C. § 264. Section 264 empowers the Surgeon General and

---

[4] The Amended Complaint names Samantha Simpson, Kala Strunk, Katrina Newby, and Brownlee Whitlow and Praet as additional Defendants, complicit in the deprivation of his civil rights. (See generally Docket Entry 6.)

Secretary of the United States Department of Health and Human Services to promulgate regulations to control communicable diseases.  See generally 42 U.S.C. § 264.  It creates no private right of action.  See id.  Therefore, to the extent Plaintiff sought to bring a claim under Section 264, the Court should dismiss that claim.

## IV. PLAINTIFF'S STATE COMMON LAW TORT CLAIMS

Finally, the Complaint asserts a series of state common law tort claims, including negligence, conspiracy, abuse of process, and intentional infliction of emotional distress.  (See Docket Entry 2 at 4-10.)  As discussed above, Plaintiff's federal causes of action cannot proceed because Plaintiff has failed to state a claim upon which relief may be granted and/or because Plaintiff has sought damages from persons immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  As a result, the Court should dismiss without prejudice Plaintiff's state law causes of action.  See 28 U.S.C. § 1367(c)(3) (permitting district courts to decline to exercise supplemental jurisdiction over state law claims when the court "has dismissed all claims over which it has original jurisdiction").

## V. PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Several days before filing his Amended Complaint, Plaintiff filed a Motion for Temporary Restraining Order and Supporting Brief.  (Docket Entries 4, 5.)  In those filings, Plaintiff complained of an ongoing risk of irreparable injury due to his

9

inability to access his former residence and personal property as a result of the ejectment and eviction proceedings. (See generally id.) Plaintiff requested as relief that the Court order Defendants to "IMMEDIATELY" return to Plaintiff the keys to his residence. (Docket Entry 4 at 1-2.)

To obtain preliminary injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). At a minimum, because (for reasons previously discussed) Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims, the Court should deny his Motion for Temporary Restraining Order. Moreover, Plaintiff's request for relief, if granted, would functionally reverse the state court ejectment proceedings; however, federal district courts may not "reverse or modify [a state-court] judgment for errors of [constitutional] character." Davani v. Virginia Dep't of Transp., 434 F.3d 712, 716 (4th Cir. 2006) (citing Rooker v. Fidelity Tr. Co., 263 U.S. 413, 416 (1923)).

10

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that the federal claims in the Complaint and Amended Complaint (Docket Entries 2, 6) be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failure to state a claim and/or for seeking damages from those immune from such relief, and that the state claims therein be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER RECOMMENDED** that the Motion for Temporary Restraining Order (Docket Entry 4) be denied.

This the 28th day of September, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
